## 7583. MORRIS *v.* THE STATE.

1. There was no error in the admission of the evidence set forth in the first ground of the amendment to the motion for a new trial.
2. There is no merit in the second and third grounds of the amendment to the motion for a new trial, which complain of the rejection of certain evidence offered by the defendant.

3. The court did not err in refusing to give the requested instruction set forth in the fourth ground of the amendment to the motion for a new trial, as this request was sufficiently covered by instructions given.

4. The charge upon the law of justifiable homicide was sufficiently full, in the absence of a timely written request for further and more particular instructions upon that subject.

5. In view of the counter-showing made by the State, there is no merit in the ground of the motion for a new trial which complains that one of the jurors who passed upon the case was disqualified from so doing.

6. There is no merit in the ground of the motion for a new trial in which it is alleged that the presiding judge was disqualified; for it appears from the counter-showing by the State that the defendant's counsel knew of this alleged disqualification during the trial, and not only made no motion for a mistrial, but, on the contrary, expressly waived such disqualification.

7. Under the particular facts of the case, the court did not err in instructing the jury upon the law of voluntary manslaughter. There was some evidence which authorized a finding that the crime committed was voluntary manslaughter.

8. The other instructions complained of contain no material error, when the entire charge is considered.

DECIDED OCTOBER 31, 1916. REHEARING DENIED NOVEMBER 16, 1916.

Indictment for murder—conviction of manslaughter; from Appling superior court—Judge Summerall presiding. April 29, 1916.

*J. B. Moore, W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

BROYLES, J. The only headnote which requires elaboration is the 7th. The defendant, while in his own house, shot and killed his father-in-law, who was standing a short distance outside. There had been a previous difficulty between the defendant and the deceased, a short time before the killing, and the deceased then abused and cursed the defendant and drove him into the defendant's own house at the point of a gun, threatening to kill him. The deceased returned later to the home of the defendant, and was ordered by the latter to go away, and to "stop, stay out of my yard," and the deceased replied, with an oath, that he had come to kill the defendant, and was going to kill him, and approached the house, and the defendant thereupon fired upon the deceased and killed him. The deceased on this occasion had no weapon with him. The defendant stated that it was dark and he could not see whether the deceased was armed, but believed that he was, and killed him because he feared that the deceased was about to take his (the defendant's) life. Under such a state of facts it was for

the jury to say whether or not there was either a real or apparent necessity to shoot, so as to make the homicide justifiable, or whether, although there was no such necessity, there was enough cause to justify the excitement of passion and reduce the homicide from murder to manslaughter. *Johnson* v. *State,* 12 *Ga. App.* 493 (77 S. E. 587). It was also for the jury to say whether the deceased attempted to commit a serious bodily injury upon the defendant, or whether there were equivalent circumstances to justify the excitement of passion in the breast of the defendant, and to exclude the idea of deliberation and malice, either express or implied. The question of "cooling time" is always for the jury; and under the particular facts of this case, and considering especially what had occurred at the previous difficulty shortly before the killing, the court did not err in instructing the jury upon the law of voluntary manslaughter, as some of the evidence, as well as some of the defendant's statement to the jury, authorized them to find that the killing was done in the heat of passion, excited by the previous difficulty and by the persistence of the deceased in approaching the house of the defendant in defiance of his orders to the contrary (which was calculated to enrage and infuriate the defendant), and without any deliberation whatever, and without any real or apparent necessity for the killing.

The verdict was authorized by the evidence, and there was no error in refusing to grant a new trial.        *Judgment affirmed.*